1  Terry W. Bird - State Bar No. 49038
   Jason D. Kogan - State Bar No. 107707
2  Sharon Ben-Shahar - State Bar No. 212862
   BIRD, MARELLA, BOXER, WOLPERT,
3      NESSIM, DROOKS & LINCENBERG, P.C.
   1875 Century Park East, 23rd Floor
4  Los Angeles, California  90067-2561
   Telephone: (310) 201-2100
5  Facsimile: (310) 201-2110

6  Attorneys for Defendants ENCORE
   CAPITAL GROUP, INC.; CARL C.
7  GREGORY, III; BARRY BARKLEY,
   BRANDON BLACK, ALEXANDER
8  LEMOND AND ERIC D. KOGAN

9

                    FILED

              2006 OCT 25  PH 3: 23

           CLERK US DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA

        BY_____DEPUTY

                    FILED BY FAX

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13  TIMOTHY W. MOSER, an individual,          CASE NO. 04 CV 2085 LAB (WMc)

14          Plaintiff,                        OPPOSITION OF DEFENDANTS'
                                              ALEXANDER LEMOND AND ERIC
15      vs.                                   D. KOGAN TO PLAINTIFF'S EX
                                              PARTE APPLICATION TO FILE
16  ENCORE CAPITAL GROUP, INC., a             SUR-REPLY IN SUPPORT OF
    Delaware corporation; CARL C.             OPPOSITION TO DEFENDANTS'
17  GREGORY, III, an individual; BARRY        MOTION TO DISMISS FOR LACK
    BARKLEY, an individual; BRANDON           OF PERSONAL JURISDICTION
18  BLACK, an individual; ALEXANDER
    LEMOND, an individual; ERIC D.
19  KOGAN, an individual; and BRIAN           Date:  None Set
    SCHORR, an individual,                    Time:  None Set
20                                            Courtroom:  Hon. Larry A. Burns
            Defendants.
21

22

23

24

25

26

27

28

231984.1                                              04 CV 2085 LAB (WMc)

1   This is plaintiff's fourth *ex parte* application in which he had sought leave to file

2   either a sur-reply (this is his second *ex parte* request to file a sur-reply), a supplemental

3   declaration in connection with a pending motion taken under submission or to make a late

4   request for discovery. Plaintiff's current application demonstrates his continuing abuse of

5   the *ex parte* process and should be denied.

6   This Court's standing order in civil cases provides: "Unless expressly provided

7   otherwise herein, or in the Local Rules, this Court will consider *ex parte* applications only

8   when *a basis for extraordinary relief is shown.* Sanctions may be imposed for misuse of

9   *ex parte* applications." *Id.* at page 5, ¶ 8 (emphasis added). Plaintiff has made no showing

10   necessitating extraordinary relief here.

11   Plaintiff's misuse of *ex parte* applications in this case is easily demonstrated. On

12   April 29, 2005, after a motion to strike had been fully briefed but not yet decided by the

13   Court, plaintiff filed an *ex parte* application [document 38] to file a sur-reply brief to that

14   motion. The Court denied his ex parte application [document 73, Order at p. 22]. On

15   April 4, 2006, plaintiff filed another *ex parte* application [document 62] for leave to file a

16   68-page supplemental declaration (in actuality a legal brief) in connection with the same

17   motion. More recently, on August 23, 2006, after plaintiff had filed his opposition to

18   Alexander Lemond and Eric Kogan's motion to dismiss for lack of personal jurisdiction,

19   plaintiff filed an ex parte application for leave to conduct discovery in connection with the

20   pending motion to dismiss (the Court has not ruled on that *ex parte* application).[1] In each

21   instance, plaintiff just wanted another bite at the apple; there was nothing new to justify

22

23   ───────────────

[1]   In yet another example, in May 2005, plaintiff attempted to file a five page argument in

24   response to a notice filed by other defendants of a recently-decided appellate opinion. On

25   June 1, 2005 the Court issued a minute order rejecting plaintiff's response, stating that

"[t]he response contains extensive legal argument. While the Court takes judicial notice of

26   the case attached to Defendants' notice, Plaintiff's response is **REJECTED** as improper

argument after the close of briefing." Minute Order, dated June 1, 2005 (emphasis in

27   original).

28

OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO FILE SUR-REPLY BRIEFING

1   filing supplemental papers. That is exactly what plaintiff is doing here. Indeed, plaintiff

2   further misuses his *ex parte* application by using it as a sur-reply to further argue the case

3   law.

4          No showing necessitating extraordinary relief has been made by plaintiff. His

5   arguments are similar to the misleading arguments he has already made in his opposition to

6   Lemond and Kogan's motion to dismiss, and supporting declarations and exhibits. No

7   explanation has been offered as to why plaintiff could not have submitted any of the

8   documents he cites with his opposition to the motion to dismiss.[2] The *ex parte* application

9   is replete with misleading arguments plaintiff recycled from his opposition to the motion to

10  dismiss. Plaintiff cites no authority authorizing the filing of a supplemental argument or

11  evidence while a motion is under submission before the Court.[3] Plaintiff had more than

12  seven weeks to file his opposition to Lemond and Kogan's motion to dismiss, yet it is

13  inconceivable, given the voluminous exhibits filed by plaintiff with his opposition, that he

14  could not have included arguments he is now making.[4] Simply put, nothing new is offered

15

16  [2]   Plaintiff admits that he intends to use the sur-reply to rebrief his opposition and

17  introduce new evidence. Thus, on pages 5:22-6:14, he admittedly sets forth a list of the

18  new evidence he intends to introduce without even attempting to explain why the evidence
    could not have been introduced in his opposition. In addition, in footnote 2, plaintiff

19  acknowledges that he included copies of various documents in his opposition to the motion
    to dismiss. This further shows why plaintiff should not be permitted to file a sur-reply.

20  [3]   Defendants have refrained (although it was not easy) from addressing the merits of

21  plaintiff's improper *ex parte* application because plaintiff's filing should simply be
    rejected, and because it would be improper to offer a substantive response at this time.

22  Should the Court permit plaintiff to file a sur-reply, however, it will be unfair for

23  defendants not to be given the opportunity to respond by way of factual/legal argument.

24  [4]   A review of the list of items that plaintiff claims were first raised in the reply reveals
    that the first three items are repetitive and all concern plaintiff's argument that certain

25  public filings, some of which were signed by Kogan and Lemond, listed a California
    address for Lemond and Kogan. *Ex Parte*, at p. 4:14-23. But this issue was raised and

26  fully briefed in the opposition, and any further argument could and should have been

27  raised there. The last item concerns defendants' purported failure "to disclose the scope
    and extent of their business dealings with Encore in California." *Ex Parte*, at p. 4:24-26.

28  (footnote continued)

1   here. But even if any "evidence" is "newly discovered," there is no explanation for why it

2   could not have been discovered earlier, during the more than seven weeks plaintiff and his

3   counsel had to prepare his opposition papers. *See Zimmerman v. City of Oakland*, 255 F.

4   3d 734, 740 (9th Cir. 2001) ("a party that fails to introduce facts in a motion or opposition

5   cannot introduce them later in a motion to amend by claiming that they constitute 'newly

6   discovered evidence' unless they were previously unavailable"); *School District No. 1J v.*

7   *ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority

8   is that the failure to file documents in an original motion or opposition does not turn the

9   late filed documents into 'newly discovered evidence.'")

10         Straining to justify his belated filing, plaintiff claims that there are inconsistencies

11   and misrepresentations in defendants' reply. Despite the severity of this accusation,

12   however, plaintiff fails to point to a single instance of inconsistency or misrepresentation

13   by defendants.[5]

14         Finally, plaintiff claims that he would have made his "new" arguments if the Court

15   had held oral argument. If the Court were to grant plaintiff's *ex parte* because the Court

16   did not permit oral argument, then every party opposing a motion will claim that taking a

17   motion under submission without oral argument would be a reason to justify the filing of a

18

19   _____

20   This is nothing more than a recitation of the issue to be decided by the Court: whether
    Lemond or Kogan have sufficient minimum contacts with California to warrant the

21   exercise of personal jurisdiction over them. Since this item concerns what defendants'
    supposedly did not include in their reply, it cannot possibly justify the need to respond to a

22   novel issue raised for the first time in the reply. Strain to set forth a list of novel items as
    he might, plaintiff fails to point to any new issue in the reply that warrants further briefing.

23

24   [5]   The very premise of plaintiff's argument, *i.e.*, his allegation that Lemond and Kogan
    have denied any contacts with California, is false. Lemond and Kogan acknowledged

25   contacts with Encore in California in their respective declarations filed in support of their
    motion to dismiss, and thus the issue before the Court is whether such contacts rise to the

26   level of minimum contacts necessary to establish personal jurisdiction over them. Plaintiff
    intentionally misrepresents defendants' position in order to manufacture a justification for

27   his belated filing.

28

1    sur-reply.  Such holding would not only defeat the purpose of the Court's taking a motion

2    under submission, but would open the door to unlimited briefing beyond the strict

3    limitations of the local rules.  Because plaintiff does not establish a basis for granting the

4    extraordinary relief he is seeking here, his *ex parte* application should be denied.

5

6    DATED: October 25, 2006                  Terry W. Bird
                                              Jason D. Kogan
7                                             Sharon Ben-Shahar
8                                             BIRD, MARELLA, BOXER, WOLPERT,
                                                  NESSIM, DROOKS & LINCENBERG, P.C.
9

10                                       By: _____
11                                             Jason D. Kogan
                                              Attorneys for Defendants ENCORE CAPITAL
12                                            GROUP, INC.; CARL C. GREGORY, III;
13                                            BARRY BARKLEY, BRANDON BLACK,
                                              ALEXANDER LEMOND AND ERIC D. KOGAN
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          I am employed in the County of Los Angeles, State of California.  I am over the age
of 18 and not a party to the within action; my business address is 1875 Century Park East,
4    23rd Floor, Los Angeles, California 90067-2561.

5          On October 25, 2006, I served the following document(s) described as
**OPPOSITION OF DEFENDANTS' ALEXANDER LEMOND AND ERIC D.**
6    **KOGAN TO PLAINTIFF'S EX PARTE APPLICATION TO FILE SUR-REPLY IN**
**SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR**
7    **LACK OF PERSONAL JURISDICTION** on the interested parties in this action as
follows:

8
**BY PERSONAL SERVICE (FEDERAL COURT):**  By placing a true copy thereof in
9    sealed envelope(s) and causing said envelope(s) to be hand-delivered to the offices of the
parties listed on the attached Service List.

10
          I declare under penalty of perjury under the laws of the United States of America
11    that the foregoing is true and correct and of my own personal knowledge.

12          Executed on October 25, 2006, at Los Angeles, California.

13

14                                                                        Jonette Edwards
                                                            Jonette Edwards

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
**Moser v. Encore**
**Case No. 04 CV 2085 LAB (WMc)**

2

3    Anthony J. Dain                                    Counsel for Timothy W. Moser:
     Frederic G. Ludwig, III
4    Procopio, Cory, Hargreaves & Savitch LLP
     530 B Street, Suite 2100
5    San Diego, CA 92101
     Tel:    (619) 238-1900
6    Fax:    (619) 235-0398

7    R.J. Coughlan, Jr.                                 Local Counsel for Brian Schorr
     Earll Pott
8    Coughlan, Semmer & Lipman
     501 West Broadway, Suite 400
9    San Diego, CA 92101
     Tel: (619) 232-0800, ext. 112
10   Fax: (619) 232-0107
     epott@csllaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28