# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. MOSER, an individual,,<br><br>           Plaintiff,<br>vs.<br><br>ENCORE CAPITAL GROUP, INC., a Delaware corporation; CARL C. GREGORY, III, an individual; BARRY BARKLEY, an individual; BRANDON BLACK, an individual, ROBERT M. WHYTE, an individual; ALEXANDER LEMOND, an individual; ERIC D. KOGAN, an individual; BRIAN SCHORR, an individual,<br><br>           Defendants. | CASE NO. 04CV2085-LAB (WMc)<br><br>**ORDER DENYING MOTIONS BY DEFENDANTS LEMOND, KOGAN, AND SCHORR TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND FOR FAILURE TO STATE A CLAIM**<br><br>[Dkt. Nos. 88, 91, 101, 119.] |

Defendants Lemond, Kogan, and Schorr have filed motions to dismiss for lack of personal jurisdiction (Defendants Lemond, Kogan, and Schorr), and for failure to state a claim (Defendant Schorr only). Plaintiff has requested leave to conduct additional discovery to locate evidence this Court has personal jurisdiction over these Defendants.

Defendants Kogan and Lemond, directors of Defendant Encore Capital Group, Inc. ("Encore"), represented by the same counsel, contend their contacts with the forum state, California, give rise to neither general nor specific jurisdiction. Defendant Schorr, general counsel and a vice president of

/ / /

Triarc Companies, Inc. ("Triarc"),[1] moved separately to dismiss, both for lack of personal jurisdiction, and for failure to state a claim. Encore's principal place of business is in San Diego, California.

Plaintiff has filed an *ex parte* application for leave to conduct jurisdictional discovery. He has also filed an *ex parte* application for leave to file a sur-reply to the replies of Defendants Lemond, Kogan, and Schorr.

## I.   Defendant Schorr's Motion to Dismiss for Failure to State a Claim

Defendant Schorr contends Plaintiff has failed to state a claim against him. He points out he is general counsel and an officer of Triarc, and that Triarc is a shareholder in Encore; thus, his connections with Encore are more attenuated than the other Defendants'. Defendant Schorr contends the corporate structure of Triarc and Encore protects him from liability for actions taken in his official capacity unless he actively participated in or directed corporate wrongs. (Memo of P & A in Supp. of Defendant Schorr's Mot. ("Schorr Memo") at 10:10–11:2, 11:18–19.) He further contends the allegations against him are merely conclusory and unsupported by any specific factual allegations. (*Id.* at 11:3–17.)

Plaintiff alleges the Court has already decided this issue. (Opp'n to Mot. by Schorr to Dismiss, at 7:18–24 (citing Order of May 1, 2006, at 18:7–9).) However, the Court's previous order decided only the issue of whether Plaintiff had adequately pleaded his claim for defamation. (Order at 18:7–9.) The motion the Court was ruling on had contended the FAC's allegations of what Defendants published and how they communicated the information failed to put them on notice as to what was alleged against them. (Memo in Supp. of Mot. to Dismiss, filed Mar. 4, 2005, at 15:7–16:4.)

Here, Defendant Schorr asks the Court to review the adequacy of allegations against him. He points out that many allegations are against the Defendants generally, or a group of Defendants joined by the conjunction "and/or." (*See, e.g.*, SAC at 6:11–15.) Plaintiff does, however, specifically allege Defendant Schorr was part of the conspiracy and took specific actions to interfere with Plaintiff's contractual relationships and to defame him. (*Id.* at 12:9–13:16.) Plaintiff has alleged Defendant

---

[1] A related case is pending before this Court, *Moser v. Triarc*, 05CV1742 LAB (WMc). The claims in that case stem from the same business relationships as in this case. In this case, Defendant Schorr is alleged to have conspired in his own individual capacity and for his own profit to harm Plaintiff, although his position with Triarc is obviously relevant.

1  Schorr took these actions for his own personal profit and not solely in his official capacity as an officer
2  of Triarc. (SAC at 13:11–16.) Even in view of some ambiguities in the allegations, Plaintiff has
3  adequately alleged Defendant Schorr's involvement in the wrongs giving rise to his claims.

**II.  Motion to Dismiss for Lack of Personal Jurisdiction**

Because the motions of Defendant Schorr and of Defendants Lemond and Kogan are based on substantially the same authorities and arguments, the Court will consider both motions together. Defendants Lemond and Kogan contend they are residents of New York and have never been residents of California. They contend their connections with California arise primarily out of their service as outside directors of Encore. They point out that Plaintiff is a resident of Phoenix, Arizona. Defendant Schorr points out his connections with California are even less direct. He is a New York resident and an officer of Triarc, whose principal place of business is not in California.

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "At the motion to dismiss stage, a plaintiff is generally required only to make out a prima facie showing of personal jurisdiction to overcome a 12(b)(2) motion." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (citing *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002)). "Even so, mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Id.* (citing *Alperin v. Vatican Bank*, 410 F.3d 532, 539 n.1 (9th Cir.2005); *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)).

The Court looks to California law to determine Defendants' amenability to suit in this Court. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm statute permits courts to exercise jurisdiction to the extent permitted by the Due Process Clause of the U.S. Constitution. *Id.* "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and

/ / /

substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted).

Jurisdiction over a defendant may be either general or specific. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

### A. General Jurisdiction

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).

In this case, it is clear the alleged activities of Defendants Lemond, Kogan, and Schorr do not give rise to general jurisdiction in California. They are New York residents and, even accepting all Plaintiff's allegations as true, do not have the degree or kind of systematic and continuous contacts with California that would "approximate physical presence" in California. Plaintiff suggests additional discovery would enable him to show these Defendants' presence in California, but in view of the Court's finding of specific jurisdiction, the Court need not reach the issue of whether newly discovered facts might support a finding of general jurisdiction.

### B. Specific Jurisdiction

Specific jurisdiction is analyzed using a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

While the parties have examined a large number of the connections Defendants Lemond, Kogan, and Schorr allegedly or concededly have with California, and the import of these connections,

///

the Court does not find such a wide-ranging inquiry necessary. A few substantial connections suffice to support the Court's finding of specific jurisdiction.

As part of his argument, Plaintiff contends these Defendants directed their conduct at California and that this conduct gave rise to his claims. Plaintiff argues the alleged defamation and interference with contractual relations were calculated to have effects in California. (Opp'n to Mot. by Lemond and Kogan to Dismiss, at 9:9–17, 10:22–11:2.) While, as Defendants argue, the brunt of the harm might be felt in Arizona, where Plaintiff resides, it is clear based on the allegations that a significant portion of the harm would foreseeably be felt in California, where Plaintiff was licensed to practice law and where Encore, the other party to his agreements, was located. The effects of disruption of an employment-related contract with an entity in California, and harm to the professional reputation of an attorney licensed in California would naturally be felt in California.

Here, on the basis of allegations alone, Defendants Lemond, Kogan, and Schorr have at least the minimum contacts necessary to support specific jurisdiction. They allegedly conspired to interfere with Plaintiff's agreement with his employer, Encore, whose offices were in California. They also allegedly conspired to defame Plaintiff in statements distributed nationwide, including harming his professional reputation. He has alleged he had a good reputation for legal work related to prominent financial and accounting matters, and his practice has nationwide exposure. (SAC at 3:26–4:13.) Reputational harm would naturally have included harm in California, where he was licensed to practice law. Defendants allegedly conspired to destroy Plaintiff's relationships with his legal clients, some of whom were in California. (SAC at 10:12–13, 11:22–23, 12:3–6.) A portion of the alleged scheme was carried out at a meeting in San Diego where Plaintiff says he was threatened. (*Id.* at 10:8–11:24.) Furthermore, Plaintiff alleges a principal motive for this conspiracy was to facilitate the public trading of shares of Encore, a company in California, and to reap profits for the individual conspirators. (*Id.* at 13:11–16, 16:11–22.) The allegedly defamatory statements were thus calculated to have an effect in California. Plaintiff also avers — though it is not included in the SAC — that the defamatory SEC filing was published in California. (Opp'n to Mot. by Lemond and Kogan to Dismiss, at 14–16; Opp'n to Mot. by Schorr to Dismiss, at 10:15–17.) Accepting the allegations as true, Defendants have

/ / /

directed their conduct at California to a substantial extent, and Plaintiff's claims arise from this conduct.

Under the reasoning of *Calder v. Jones*, 465 U.S. 783, 788–90, 104 S.Ct. 1482, 1486 (1984), specific jurisdiction exists where defendants' intentional and allegedly tortious actions outside the forum state were calculated to, and did, have a substantial effect in the forum state. On the basis of the allegations, therefore, the first two prongs of the specific jurisdiction test are met.

Defendants appear to contend because the brunt of the harm was apparently felt in Arizona rather than in California, specific jurisdiction can exist only in Arizona. (Memo of P & A in Supp. of Mot. to Dismiss by Defendants Kogan and Lemond, at 6:16–22.) They rely on language in *Calder,* 465 U.S. at 788–89 ("[T]he brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California.") for this contention. The Supreme Court, however, was apparently commenting on the degree to which the forum state's personal jurisdiction over them was foreseeable, not holding that the forum where the greatest damage was foreseeable was the only forum having personal jurisdiction over them. *See id.* at 791 (finding special jurisdiction existed where defendants' intentional out-of-state conduct was "calculated to cause injury" to the plaintiff in the forum state). Following this reasoning, where Defendants would have known their alleged conduct outside California would cause injury to Plaintiff in California, special jurisdiction would exist.

The Supreme Court has further explained that personal jurisdiction is proper where the actions of a defendant himself create a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84 (1985) (citation omitted). In other words, a "substantial connection" created by Defendants will give rise to personal jurisdiction. Each Defendant need not be sued in the forum where he has the most contacts, or where "the bulk of the harm" occurred. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780, 104 S.Ct. 1473, 1481 (1984) ("The victim of a libel, like the victim of any other tort, may choose to bring suit in any forum with which the defendant has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'") (quoting *International Shoe*, 326 U.S. at 316) (further citations omitted).

1    Defendants Lemond, Kogan, and Schorr contend many or most of the allegations against them
2 arise from their performance of their official duties as officers and directors. The allegations the Court
3 relies on, however, arise from a conspiracy for personal profit. (SAC at 6:15–17, 13:11–16) Even if
4 they acted in part in their official capacities, the allegations supporting personal jurisdiction stand apart
5 from allegations of acts Defendants may have taken in their official capacities. *Cf. Colt Studio, Inc.*
6 *v. Badpuppy Enterprise*, 75 F. Supp.2d 1104, 1111 (C.D.Cal. 1999) (holding that, pursuant to
7 California law, actions performed by individuals in their official capacities as corporate officers and
8 directors could not reasonably be attributed to them as individuals for personal jurisdiction purposes).

9    These Defendants' declarations that they visited California only in their official capacities (*see,*
10 *e.g.*, Decl. of Lemond in Supp. of Mot. to Dismiss, at 1:21–2:2) do not controvert Plaintiff's
11 allegations that they directed their activities towards his professional reputation and his employment
12 contract in California. *See Calder*, 465 U.S. at 790 (while defendants' contacts with the forum were
13 not to be judged according to their employer's activities there, their status as employees did not
14 "somehow insulate them from jurisdiction" for out-of-state activities calculated to have an effect in
15 the forum state.)

16    In his opposition to Defendants' motions, Plaintiff identifies other facts he contends support
17 a finding of jurisdiction. These supplemental facts include Defendants' receiving of mail through
18 Encore in California and the use of California underwriters in connection with the allegedly
19 defamatory statements. (Opp'n to Motion by Lemond and Kogan to Dismiss, at 12:21–23.) While
20 Defendants contest the significance and proper interpretation of these identified facts, they do not for
21 the most part contest the bare facts. While these additional allegations may strengthen Plaintiff's
22 argument, the Court need not rely on them. The uncontroverted allegations identified among
23 Plaintiff's arguments suffice to make a prima facie showing of personal jurisdiction over Defendants
24 Lemond, Kogan, and Schorr at this stage of the pleadings. *Swartz,* 476 F.3d at 766.

25    The third prong of the specific jurisdiction test, reasonableness, is largely dealt with by the
26 preceding analysis of the first two prongs. An otherwise valid exercise of specific jurisdiction is
27 presumably reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). The burden is
28 / / /

therefore on Defendants to "present a *compelling* case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Burger King*, 471 U.S. at 477).

In evaluating reasonableness, the Court looks to the factors identified in *Sher*, 911 F.2d at 1364. These include:

> the extent of defendant's purposeful interjection into the forum state; the burden on the defendant; the plaintiff's interest in convenient and effective relief; the most efficient forum for judicial resolution of the dispute; the forum state's interest in adjudicating the dispute; and the extent of the conflict with the sovereignty of the defendant's state.

*Id.* While the parties have briefed and argued this issue, most of their arguments are subsumed by the analysis above.

Accepting the uncontroverted allegations as true, it may be that Arizona or New York would be a more reasonable forum. But it is not enough that Defendants demonstrate that some other forum is more reasonable; they must show a due process violation. *Sher*, 911 F.2d at 1365. They "must show that jurisdiction in California would make the litigation 'so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent.'" *Id.* (quoting *Burger King*, 471 U.S. at 478). This is a heavy burden, and these Defendants have not met it.

Determining whether it is reasonable to require Defendant Schorr to defend the suit here is somewhat more difficult because of he is employed by Triarc, a shareholder of Encore not located in California. Nevertheless, the same basic analysis applies. While these Defendants are not represented by the same counsel as Encore, they are not without allies or assistance here. Depending on developments in this case, they may be required to be present in this District in any event, in connection with the litigation against Encore and Triarc. As Plaintiff points out, witnesses and documents are more likely to be found in California than in New York. (Opp'n to Mot. by Schorr to Dismiss, at 12:11–12.) In addition, Plaintiff points to the inefficiency and danger of inconsistent results should he litigate his claims against these Defendants in New York while a parallel action is pending in California. In short, none of the factors identified in *Sher* seriously weigh against a finding of reasonableness.

/ / /

/ / /

### III.  Plaintiff's *Ex Parte* Applications

By his *ex parte* application filed August 23, 2006, Plaintiff seeks leave to conduct jurisdictional discovery. He contends public filings show Defendants Lemond, Kogan, and Schorr maintained significantly more extensive contacts with California than their declarations suggest. Because the Court is denying these Defendants' motions, this request is moot.

By his application filed October 23, 2006, Plaintiff seeks leave to file a sur-reply to address certain arguments he believes were raised for the first time in these Defendants' replies and to address certain factual points he believes these Defendants have misstated. Plaintiff mentions several facts he contends undermine these Defendants' credibility. Arguments not raised in a party's opening brief are waived. *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006). Although the Court cited authority relied on by these Defendants in their replies, the Court did so for different purposes. The Court has not relied on arguments or information contained solely in these Defendants' replies. More importantly, the Court reached a different conclusion than these Defendants argued. This application is therefore moot.

### IV.  Conclusion and Order

For these reasons, Defendants' motions are **DENIED**. Plaintiff's *ex parte* applications for discovery regarding personal jurisdiction and for leave to file a sur-reply are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: March 29, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge