# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. MOSER, an individual,,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>ENCORE CAPITAL GROUP, INC., a Delaware corporation; CARL C. GREGORY, III, an individual; BARRY BARKLEY, an individual; BRANDON BLACK, an individual, ROBERT M. WHYTE, an individual; ALEXANDER LEMOND, an individual; ERIC D. KOGAN, an individual; BRIAN SCHORR, an individual,<br><br>　　　　　　　　　Defendants. | CASE NO. 04CV2085-LAB (WMc)<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS AGAINST DEFENDANTS ENCORE CAPITAL GROUP, INC., CARL C. GREGORY, BARRY BARKLEY AND BRANDON BLACK**<br><br>[Dkt. Nos. 84, 117, 123.] |

　　　On February 14, 2005, Plaintiff filed his First Amended Complaint ("FAC"), alleging defamation, intentional interference with contractual relations, breach of contract, breach of the covenant of good faith and fair dealing, and intentional or negligent infliction of emotional distress. His claims arise under California law, and this Court's jurisdiction is based on diversity. On March 4, 2005, Defendants Encore Capital Group, Inc. ("Encore"), Carl Gregory, Barry Barkley, and Brandon Black (the "Anti-SLAPP Defendants") brought a motion to strike Plaintiff's first through fifth claims (all claims against them) pursuant to Section 425.16 of California Code of Civil Procedure ("Anti-SLAPP Motion") and to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They also

sought attorneys' fees. These Defendants contended the SEC filings containing allegedly defamatory statements cannot serve as the basis for liability, and that additional communications are covered by the litigation privilege.

As part of its order issued May 2, 2006, the Court denied the Anti-SLAPP Motion. In the same order, the Court dismissed the sixth claim, granting Plaintiff leave to amend. On May 25, 2006, Defendants Barkley and Black filed a notice of appeal of the denial of the Anti-SLAPP Motion. On June 1, 2006, Plaintiff filed his Second Amended Complaint ("SAC") against Defendants, making the same claims but amending the sixth, for negligent infliction of emotional distress.

The U.S. Court of Appeals accepted the appeal. On June 16, 2006, Defendants Encore, Gregory, Barkley, and Black moved to stay proceedings against them pending this appeal. Plaintiff filed his opposition on July 31, 2006. On October 23, 2006, the Court of Appeals extended the briefing schedule. The Court of Appeals has not yet rendered its decision on the pending appeal.

Defendants Lemond, Kogan, and Schorr have filed motions to dismiss for lack of personal jurisdiction, which the Court will address in a separate order. Plaintiff has also requested that this Court take judicial notice of pleadings filed in the appeal before the Ninth Circuit (Docket Nos. 117, 123.)

**I.   Factual Background**

Plaintiff, an attorney, alleges he was wrongfully terminated after he had uncovered and disclosed to Encore's board of directors certain accounting irregularities in Encore's proposed public filings. Subsequently, Plaintiff and Encore settled his wrongful termination claim and his claim to certain employment benefits. Plaintiff claims Defendants violated the terms of the settlement by publicly representing he was terminated for cause. The allegedly defamatory statements were included in a form S-1 filed with the SEC, and in addition, in certain other forms also filed with the SEC. Plaintiff alleges the same information was also repeated in other materials released by various Defendants, although he does not specifically allege which Defendants defamed him by other communications. Plaintiff further alleges Defendants conspired to interfere with his relationships with his wife, law firm, law partners, and clients by continuing to publish defamatory statements against him. He alleges Encore through certain of its officers and counsel specifically threatened to do so after

he filed his original complaint. His allegations concerning a meeting in January of 2005 at which he says he was threatened pursuant to a conspiracy are included in his SAC. (SAC, ¶¶ 47–57.)

## II. Requests for Judicial Notice

This Court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir.1992) (citation omitted). Plaintiff has asked that this Court take notice of pleadings filed in the appeal of this Court's denial of the Anti-SLAPP Motion. The Court finds the pleadings relevant to the issue of the effect the Ninth Circuit's decision could have on Plaintiff's claims, as discussed below, and also on the issue of whether the appeal was frivolous, and therefore **GRANTS** Plaintiff's request filed October 17, 2006.

On January 22, 2007, Plaintiff filed a second request, asking this Court to take notice of the Anti-SLAPP Defendants' Reply Brief on appeal. While the filed request indicates a copy of the brief was attached, no such document was electronically filed in spite of a notice of non-compliance with Civil Local Rule 5.4(a) regarding mandatory electronic filing. Because this document was identified as a reply brief, it may not properly introduce new argument. *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006). Furthermore, as evidence it would be merely cumulative. *See* Fed. R. Evid. 403. Therefore, this request is **DENIED**.

## III. Discussion

The protection of California's anti-SLAPP statute is a substantive immunity from suit. *Batzel v. Smith,* 333 F.3d 1018, 1025 (9th Cir. 2003), *cert. denied* 541 U.S. 1085, 124 S.Ct. 2812, 159 L.Ed.2d 246 (2004). "The purpose of the anti-SLAPP statute is to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1090 (9th Cir. 2004) (internal quotation marks and citation omitted). A district court's denial of an anti-SLAPP motion is appealable interlocutorily pursuant to 28 U.S.C. § 1291. *Batzel*, 333 F.3d at 1026.

Plaintiff cites *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) for the principle that the filing of a notice of appeal divests the trial court of jurisdiction over those aspects of the case involved in the appeal. Plaintiff contends the aspects of the case involved in the appeal are

1  narrow, and relate solely to the litigation privilege the Anti-SLAPP Defendants contend protects them.
2  (Opp'n at 5:6–13.) The stay the Anti-SLAPP Defendants would be entitled to under state law appears
3  to be broader than it would be under federal law, however. Under California law, an appeal of denial
4  of an anti-SLAPP motion "automatically stays all further trial court proceedings on the merits upon
5  the causes of action affected by the motion." *Varian Medical Systems, Inc. v. Delfino*, 35 Cal.4th 180,
6  186 (2005).

7  As *Batzel* makes clear, the immunity secured by the California statute is a substantive
8  immunity, and is recognized as such by a federal court sitting in diversity, under the doctrine of *Erie
9  R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). 333 F.3d at 1025–26. The
10 Court therefore looks to state law to determine the extent of the immunity, and thus the breadth of the
11 automatic stay.

12 Even though the Court is required to stay only proceedings "upon the causes of action affected
13 by the [anti-SLAPP] motion," the Court has "inherent power to control the disposition of the causes
14 on its docket in a manner which will promote economy of time and effort for itself, for counsel, and
15 for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972) (citation omitted). While the
16 Court is not required to stay other portions of the proceedings, it nevertheless has discretion to do so.

17 Under *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), the Court may decline to grant a
18 stay where it finds an appeal is frivolous. Plaintiff has argued the appeal is frivolous and likely to be
19 denied. (Opp'n at 12:19–19:10.) The standard for finding an appeal frivolous, however, is quite high:
20 it must be "wholly without merit." *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1003 n.3
21 (9th Cir. 2002). While the Court obviously believes the Anti-SLAPP Motion was correctly denied, the
22 Court does not find the appeal was "wholly without merit" or frivolous, just as it did not find the Anti-
23 SLAPP Motion to be frivolous. (*See* Order of May 2, 2006, at 12:13–14.)

24 Plaintiff points out that Defendants Lemond, Kogan, and Schorr did not appeal, and contends
25 as a result the proceedings against them cannot be stayed. (Opp'n at 5:4–6, 15–17.) Because
26 Defendants Lemond, Kogan, and Schorr did not appeal the Court's denial of the anti-SLAPP motion,
27 the Court need not stay proceedings against them, although as noted it has discretion to do so.
28 / / /

"In determining whether a proceeding is embraced in or affected by the appeal, [the Court] must consider the appeal and its possible outcomes in relation to the proceeding and its possible results." *Varian*, 35 Cal.4th at 189 (citation omitted). Should the Ninth Circuit grant the Anti-SLAPP Defendants' appeal and strike the claims against them, much of Plaintiff's case against them would effectively be gone. Plaintiff agrees the Anti-SLAPP Motion is based on whether material submitted to the SEC can serve as a basis for his claims. (Opp'n at 7:11–14.) In his request for judicial notice filed October 17, 2006, Plaintiff argued the Anti-SLAPP Defendants had not appealed the Court's denial of their Anti-SLAPP motion with regard to their second, third, and fourth claims. (Req. for Judicial Notice filed Oct. 17, 2006, at 2:7–9.) However, the basis for the these claims is heavily dependent on the SEC filings. (SAC, ¶¶ 78, 81, 88 (describing interference with contractual relations, breach of contract, and breach of the covenant of good faith and fair dealing as related to defamation.).) Should the Ninth Circuit grant the appeal, all Plaintiff's claims at the very least would be substantially affected, and, Plaintiff would likely need to amend his complaint. *See Verizon*, 377 F.3d at 1091 (holding that a plaintiff should be given leave to amend to pursue meritorious claims following the grant of an anti-SLAPP motion).

On the other hand, permitting the proceedings to continue against the Anti-SLAPP Defendants runs the risk of rendering the appeal moot by eliminating the need for immunity from suit. *See Varian*, 35 Cal.4th at 190 (holding that "a proceeding affects the effectiveness of the appeal if the very purpose of the appeal is to avoid the need for that proceeding"). Thus, virtually all Plaintiff's claims against the Anti-SLAPP Defendants are affected by the matters appealed. While the Court might attempt to identify particular issues it believes would be unaffected by the appeal, such identification is necessarily speculative in view of the Defendants' allegedly unified conspiracy. The Court, moreover, finds it uneconomical to proceed piecemeal with claims against the Anti-SLAPP Defendants. To the extent the Court has discretion to move forward with proceedings against these Defendants while the appeal is pending, the Court declines to do so.

**IV.  Conclusion and Order**

Although, as discussed, the Court has discretion to stay all proceedings, the Court does not find it necessary or advisable to do so. The remaining Defendants have brought motions to dismiss for lack

of personal jurisdiction, and the Court will consider and rule separately on these motions. As to the Anti-SLAPP Defendants, however, the Court **GRANTS** the instant motion and **STAYS** all proceedings against them pending the Ninth Circuit's resolution of their appeal.

**IT IS SO ORDERED**.

DATED: March 27, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge