# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. MOSER, an individual,,<br><br>Plaintiff,<br><br>vs.<br><br>ENCORE CAPITAL GROUP, INC., a Delaware corporation; CARL C. GREGORY, III, an individual; BARRY BARKLEY, an individual; BRANDON BLACK, an individual, ROBERT M. WHYTE, an individual; ALEXANDER LEMOND, an individual; ERIC D. KOGAN, an individual; BRIAN SCHORR, an individual,<br><br>Defendants. | CASE NO. 04CV2085-LAB (WMc)<br><br>**ORDER**<br><br>**1) GRANTING DEFENDANT SCHORR'S JOINDER IN MOTION BY DEFENDANTS LEMOND AND KOGAN TO STRIKE;**<br><br>**2) GRANTING REQUESTS FOR JUDICIAL NOTICE;**<br><br>**3) DENYING MOTIONS TO STRIKE AND TO DISMISS; AND**<br><br>**4) DENYING PLAINTIFF'S MOTION FOR DISCOVERY** |

On April 13, 2007, Defendants Lemond and Kogan filed their motion to dismiss Plaintiff's first through sixth claims for relief ("Motion to Dismiss"). They amended their motion that same day. Also on the same day, Defendants Lemond and Kogan filed their motion to strike Plaintiff's first through sixth claims for relief ("Motion to Strike"), pursuant to California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. Later that day, Defendant Schorr filed a notice of joinder in the motion to

strike. On May 7, Plaintiff objected to Defendant Schorr's joinder. That same day, Plaintiff filed his opposition to both motions.

On May 10, Plaintiff moved *ex parte* for leave to conduct discovery, in the event the Court were to treat the pending motion to strike as a summary judgment motion. On May 14, Defendants Lemond and Kogan filed their replies to Plaintiff's opposition, as well as their opposition to Plaintiff's *ex parte* motion to conduct discovery. Defendant Schorr also filed his reply to the opposition to the motion to strike and joined in the opposition to the *ex parte* motion. Defendants Lemond, Kogan, and Schorr are alleged to have been shareholders of Encore, and to have served as officers or directors or in other positions of responsibility for Encore.

As the parties recognize, the Motion to Dismiss and the Motion to Strike (collectively, the "Motions to Dismiss and to Strike") are substantially similar to motions filed by Defendants Encore Capital Group ("Encore"), Gregory, Barkley, and Black on March 4, 2005, which the Court ruled on on May 2, 2006, denying all but the request to dismiss Plaintiff's sixth claim (for negligent infliction of emotional distress), which the Court granted, dismissing the claim with leave to amend. Thereafter, Plaintiff filed his Second Amended Complaint ("SAC"). Defendants Lemond, Kogan, and Schorr, in effect, argue the Court should reconsider its earlier ruling.

**I.      Defendant Schorr's Joinder**

Plaintiff objects that Defendant Schorr should not be permitted to join in the Motion to Strike because he could and should have brought it earlier in the action, specifically, within 60 days of being served, per Cal. Code Civ. P. § 425.16(f). They also object that Defendant Schorr's joinder violates the consolidation requirements of Fed. R. Civ. P. 12. Defendant Schorr points out the 60 day time limit is discretionary, and not binding on federal courts, as explained in *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). He also points out Fed. R. Civ. P. 12(g) provides an exception to consolidation for motions brought pursuant to Rule 12(h)(2) or any grounds mentioned therein.

California courts have discretion, under § 425.16(f), to allow a later anti-SLAPP motion and, as noted, this Court likewise has discretion. In this case, the Court considers it appropriate that Defendant Schorr be permitted to challenge the sufficiency of the claims against him at this time.

**II.     Request for Judicial Notice**

In support of their Motion to Dismiss, Defendants Lemond, Kogan, and Schorr request the Court take judicial notice of certain SEC filings. (Request for Judicial Notice in Support of Defendants' Motion to Dismiss, Ex. A–H.) SEC filings are subject to judicial notice upon request, pursuant to Fed. R. Civ. P. 201, *Dreiling v. American Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006), although the facts provided in the filings are not. *See, e.g. Nolte v. Capital One Financial Corp.*, 390 F.3d 311, 317 (4th Cir. 2004). The Court therefore **GRANTS** the request for judicial notice.

**III.    Motions to Strike and to Dismiss**

Under the "law of the case" doctrine, a court is generally precluded from reconsidering an issue it has already decided in the identical case. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). The doctrine is not a limitation on a tribunal's power, however, but rather a guide to discretion. *Id.* Of course, the Court retains "discretion to consider its prior, non-final decisions," *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989), and *Alexander* sets forth five circumstances under which such an exercise of discretion is proper. 106 F.3d at 876.

Defendants Lemond, Kogan, and Schorr essentially re-argue the earlier motion. The Court notes four significant differences between the issues the Court previously ruled on and the issues as they now exist, however. First, Plaintiff has amended his complaint in an effort to state a claim for negligent infliction of emotional distress. Second, Defendants Lemond, Kogan, and Schorr contend allegations of their own involvement in a plan to harm Plaintiff are inadequate to support his claims against them. In particular, they point out there is no allegation they were present at a meeting in January, 2005, where Plaintiff was allegedly threatened. Third, Defendants Lemond, Kogan, and Schorr cite authority not cited or relied on earlier, and there has been some change in the law governing motions to dismiss since the Court issued its earlier ruling. Fourth, the Court has taken judicial notice of certain SEC filings. Plaintiff has also lodged certain materials with the Court showing publication of SEC filings and distribution of prospectuses.

Of the five bases for exercise of the Court's discretion set forth in *Alexander*, only the first ("the first decision was clearly erroneous") and fifth ("a manifest injustice would otherwise result")

appear to be at all applicable. If there have been any significant changes in the intervening law or in the underlying facts or circumstances other than as noted above, Defendants Lemond, Kogan, and Schorr have not distinctly pointed them out. While the Court recognizes the doctrine is discretionary and neither mandatory nor a limit on the Court's power, *United States v. Houser*, 804 F.2d 565, 567–68 (9th Cir. 1986) (citations omitted), the Court has reviewed the pleadings and finds no persuasive reason to revisit its earlier ruling, except as mentioned above. *See id.* at 568 ("We will reconsider a ruling of this court on the same issue presented in the same action if a showing is made which compels us to reconsider our prior decision.") (citation omitted).

### A. Amended Claim for Negligent Infliction of Emotional Distress

Plaintiff's sixth claim, for negligent infliction of emotional distress, was initially dismissed for failure to state a claim. Thereafter, Plaintiff amended his complaint and added allegations in support of this claim. Defendants Lemond, Kogan, and Schorr raise fairly brief arguments for the dismissal of this claim. They contend Plaintiff added only allegations that he was susceptible to emotional harm, and that Defendants had a duty of care to him. (Memo in Supp. of Mot. to Dismiss at 18:6–11.)

To state a claim for negligent infliction of emotional distress, Plaintiff must plead duty, breach, causation, and damages. *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992). In support of their motion, Defendants Lemond, Kogan, and Schorr cite *Friedman v. Merck & Co.*, 107 Cal.App.4th 454, 464 (Cal. App. 2 Dist. 2003). As the *Friedman* court explained, "negligent emotional distress infliction is not an independent tort; rather it is the tort of negligence to which the duty element applies." 107 Cal.App.4th at 464 (citations omitted). Thus, Plaintiff can recover damages only if Defendants have breached some other duty to Plaintiff. *Id.* (citation omitted). Defendants Lemond, Kogan, and Schorr argue that this duty must be assumed by Defendants, and that the duty must be one "in which the emotional condition of the plaintiff is an object." (Mot. to Dismiss at 18:4–5 (citing *Friedman* at 470).) *Friedman*, in fact holds that the duty may be imposed by law, assumed by Defendants, or arise out of the parties' relationship. *Friedman* at 464. (citation omitted) Whether a duty exists is a question of law. *Id.* (citation omitted).

In this case, Plaintiff alleges Defendants threatened to disrupt his business relationships and his relationship with his wife, and to defame him in order to intimidate him into dropping his claims

against Encore, and that they knew this would cause him severe emotional distress. (SAC at 10:2–27.) Plaintiff has made separate claims for interference with business relationships and defamation. While Plaintiff has not cited any authority for the principle that Defendants were under a duty not to threaten him with contentious and emotionally taxing litigation, Defendants are under an independent duty to avoid harming Plaintiff by defaming him or tortiously interfering with his business relationships.

### B. January, 2005 Meeting

This meeting is described in ¶¶ 47–57 of the SAC. Plaintiff specifically alleges he, his wife, his counsel, Encore's legal counsel, and Encore's general counsel and secretary were present. (SAC, ¶¶ 47, 53.) Plaintiff has alleged that at this meeting he and his wife were subject to threats designed to intimidate him into dropping his defamation claims against Encore.

Plaintiff has alleged this was part of a conspiracy against him, and has alleged that Defendants Lemond, Kogan, and Schorr were part of this conspiracy. (SAC, ¶¶ 46–47.) Defendants Lemond, Kogan, and Schorr contend that the charge of conspiracy is contrived in order to bring Plaintiff's claims within the statute of limitations, and that there is no allegation they either attended the meeting or later ratified anything that was said there. Even if these Defendants were not present for the meeting, however, Plaintiff has alleged that the intimidation at the meeting was part of the conspirators' plan to harm Plaintiff and force him to drop his claims. (*See* SAC at 11:19–20.) Plaintiff has alleged this meeting was not part of the settlement process. (SAC, ¶ 57.) Defendants Lemond, Kogan, and Schorr have not challenged the specificity of the conspiracy allegations.

### C. New Citations and Change in Law

Defendants Lemond, Kogan, and Schorr cite certain cases that, while available before, were not argued or relied on in the earlier motions. As a general matter, the Court finds none of these authorities point to a significant change in the law. Two authorities, however, merit special note.

Defendants Lemond, Kogan, and Schorr cite *Simo v. Union of Needletrades, Indus. & Textile Employees*, *Southwest Dist. Council*, 322 F.3d 602, 624 (9th Cir. 2003) (holding that insults, strong language, and yelling did not support a claim for intentional infliction of emotional distress), and shed light on the state of the law but do not compel a different result. This case was not cited or considered earlier, and the Court considers it noteworthy because of the apparent similarity between the factual

1  situation. In *Simo*, the plaintiffs were allegedly subjected to hostile remarks and generalized threats
2  that they would regret standing against the labor union, insults, strong language, and shouting outside
3  the house of one plaintiff on isolated occasions. The court in that case noted, however, that the
4  hostilities of which the abusive speech and behavior were part what would be considered common in
5  labor disputes. 322 F.3d at 624. *Simo* did, however, suggest that a threat of reporting the plaintiff to
6  immigration might serve as a basis for intentional infliction of emotional distress, if the plaintiff had
7  actually suffered emotional distress as a result. *Id.*

8  In this case, Plaintiff alleges Defendants loudly and forcefully threatened to strike out at his
9  wife, who was present in the January, 2005 meeting, and to "drive a wedge" between him and her,
10 either damaging or destroying their marriage. (SAC, ¶¶ 47, 51, 56.) This, in addition to threats to
11 interfere with Plaintiff's relationship with his clients and partners, distinguishes this situation from that
12 described in *Simo*. While it is apparent this was a business meeting and concerned the basis for
13 Plaintiff's claims against Encore, as noted Plaintiff has alleged the remarks did not take place as part
14 of settlement discussions. Drawing reasonable inferences in Plaintiff's favor, as the Court must,
15 Plaintiff has alleged this was not the type of discussion at which loud threats against a litigant's wife
16 or business would be considered ordinary or commonplace.

17 In addition, the Court previously relied on *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957) as
18 setting the standard for pleading. While the standard set forth in *Conley* has since been disapproved,
19 it was *Conley*'s "no set of facts" standard that was disapproved, and its "fair notice" standard — which
20 the Court relied on previously — was left in place. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,
21 1968–69 (2007) (mentioning both the "fair notice" requirement and the "no set of facts" standard, and
22 going on to disapprove of the latter).

23 **D.   Judicially Noticed SEC Filings**

24 The Court denied the earlier motion to dismiss on the basis of the running of the statute of
25 limitations, in part because the publication dates of the allegedly defamatory material did not appear
26 on the face of the complaint. When ruling on a motion to dismiss, the Court may consider, in addition
27 to the complaint itself, matters of judicial notice, without converting the motion to dismiss into a
28 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

The publication dates of the filings establish that they were filed more than one year before Moser filed his complaint. In California, defamation claims have a one-year statute of limitations. Cal. Code Civ. Proc. § 340(c). Defendants Lemond, Kogan, and Schorr contend this shows Plaintiff's claims for defamation are time-barred, under the Uniform Single Publication Act, Cal. Civil Code. § 3425.3. (Mot. to Dismiss at 8:5–9:2.) They contend the filings judicially noticed were the only documents containing the defamatory information. (*Id.* at 8:9–10.)

Plaintiff, however, has alleged that "Encore has submitted, <u>and continues to submit</u> and make available, the [defamatory] information contained in the forms S-1, S-1A, S-3, and S-3A's . . . ." (SAC at 8:10–11) (emphasis added). Plaintiff has also alleged that Encore included defamatory information in prospectuses it distributed. (*Id.* at 8:17–19.)

The protection of the Uniform Single Publication Act does not extend "to situations where, knowing that matter is allegedly libelous, the defendant republishes." *Kanarek v. Bugliosi*, 108 Cal. App. 3d 327, 332 (1980). Here, Plaintiff has alleged the republication of defamatory publication. While some of the allegedly defamatory statements were published outside of the limitations period, the Court has only the assertion of Defendants Lemond, Kogan, and Schorr that the SEC filings submitted for judicial notice the <u>only</u> documents ever published that contained the allegedly defamatory statement. (SAC at 8:9–10.) Plaintiff, however, has alleged the continuing submission of defamatory material to the SEC, as well as the distribution of defamatory prospectuses. Because at this stage the Court only considers the complaint and the judicially noticed filings, and not any of Defendants' factual allegations, dismissal is not warranted.

### IV. Conclusion and Order

For these reasons, Defendant Schorr's request to join in the motions of Defendants Lemond and Kogan is **GRANTED**. The Motions to Dismiss and to Strike are **DENIED**. Plaintiff's request for additional discovery is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: August 24, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge